UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HARTFORD FIRE INSURANCE CO., a CONNECTICUT corporation, <br><br>                    PLAINTIFF, <br><br> V. <br><br> DONALD LAVERNE CLARK, JR., ROBIN PARSONS, AND TRANSGROUP EXPRESS, INC., a WASHINGTON corporation, d/b/a TRANSGROUP, <br><br>                    DEFENDANTS; <br><br> AND <br><br> BUFFETS, INC., a MINNESOTA corporation, <br><br>                    PLAINTIFF, <br><br> V. <br><br> HARTFORD FIRE INSURANCE COMPANY, a CONNECTICUT corporation, <br><br>                    DEFENDANT. | CIVIL NO. 03-3190 ADM/JSM <br><br><br><br><br><br> REPORT AND RECOMMENDATION ON HARTFORD FIRE INSURANCE COMPANY'S MOTION TO CONSOLIDATE CASES <br><br><br><br><br> CIVIL NO. 05-931 JMR/FLN |

Cole S. Kain, Esq., of Clausen Miller PC, Chicago, Illinios, appeared and argued on behalf of movant Hartford Fire Insurance Company.

James M. Lockhart, Esq., of Lindquist & Vennum PLLP, Minneapolis, appeared and argued in opposition to the motion for TransGroup Express, Inc.

Robert C. Lamar, of Lamar Archer & Cofrin, Atlanta Georgia, appeared and argued for Buffets, Inc.

**I.     INTRODUCTION**

This matter is before the court, Magistrate Judge Arthur J. Boylan, on Hartford Fire Insurance

Company's (Hartford) motion to consolidate cases. Attorneys as noted above appeared and argued

1

before the court on September 13, 2005. Hartford contends that cases *Buffets, Inc. v. Hartford Fire Insurance Company*, Civil No. 05-931 JMR/FLN (Buffets Action) and *Hartford Fire Insurance Company v. Donald L. Clark, et al.*, Civil No. 03-3190 ADM/JSM (TransGroup Action) should be consolidated for purposes of discovery and trial because the cases involve the "identical, core issues of damages" arising from a bribery and kickback scheme orchestrated by an employee of the insured, Buffets Inc. (Buffets). Thus, Hartford argues, to save court resources and reduce redundancy, these two cases should be consolidated. Buffets and TransGroup Express, Inc. (TransGroup) argue that the cases should not be consolidated because, although the cases arise out of the same factual circumstances, the legal and factual issues that must be resolved in the two cases are very different. Buffets and TransGroup also argue that, based on the diverse issues and legal and factual arguments in the case, the consolidation of the cases would result in significant jury confusion, delay and prejudice to Buffets and TransGroup.   **II.   BRIEF FACTUAL BACKGROUND**

The basic facts are not in dispute. Buffets was insured by Hartford for, *inter alia*, losses incurred due to employee theft. (Hartford Mem. at 2.) In May 2001, Buffets discovered that one of its employees, Customer Service and Warehouse Manger, Donald Clerk, had been engaging in a scheme with an outside vendor, Robin Parsons, in which Buffets was overcharged for transportation services. (Buffets Mem. at 5.) Clark received kickbacks from Parsons based on the overpayment. (*Id.*)

Buffets determined the proper amount of loss at three million dollars and filed a claim with its insurer, Hartford, on October 5, 2001. Hartford made a payment of $200,000 to Buffets in February 2002, and another payment of $1,471,803 in December 2002. Buffets contends that it was understood that these two payments were only a partial payment and that Hartford had agreed to "act

promptly and finally resolve Buffets' remaining theft loss claim." (Buffets' Mem. at 6.)

In December 2003, Hartford obtained a judgment in its favor for $1,695,295.94 against Clark. (Hartford Mem. at 7 n. 3.)  Because Clark had filed for bankruptcy, judgment was entered by the United States Bankruptcy Court for the District of Minnesota. (*Id*.)  Hartford alleges that Parson was doing business as Carr Freight and also managed and operated a local office of a transportation services company called TransGroup Express, Inc.  (Hartford. Mem. at 4-5.)  Hartford contends that TransGroup profited from the fraudulent shipping transactions.  Based on these arguments, Hartford initiated a suit against TransGroup, alleging that Parsons was an employee or agent of TransGroup and that TransGroup is vicariously liable for Buffets' loss.  Hartford Mem. at 5.)  Based on its perception that Hartford was failing to follow through on promises to pay Buffets for the theft loss, Buffets subsequently filed a suit seeking complete payment by Hartford for Buffets' claimed theft loss. (Buffets Mem. at 8.)  Parsons and Clark pleaded guilty and are currently incarcerated in federal facilities. (TransGroup Mem. at 4; Hartford Mem. at 5-6 n.2.)

**II.   PROCEDURAL HISTORY**

    **A.   Buffets Action**

Buffets filed an action against Hartford on January 18, 2005, alleging breach of contract for Hartford's alleged failure to comply with the conditions of the insurance policy against theft loss. (Buffets Mem. at 8.)  Buffets seeks to recover the remaining $1.4 million of its theft-loss claim, attorney fees and costs, and bad faith damages. (*Id*., TransGroup Mem. at 5.)  The Buffets Action was initiated in the Federal District Court in Atlanta, Georgia.  On Hartford's motion, the case was transferred to this district on April 22, 2005.  A pretrial scheduling order was issued in this case on September 15,

2005, with a discovery completion date of March 1, 2006, dispositive motion deadline of April 1, 2006, and a trial ready date of June 1, 2006. (Pretrial Scheduling Order by Magistrate Judge Frank L. Noel, Docket No. 57 (05-931).)

### B. TransGroup Action

The TransGroup Action was initiated in this district on May 15, 2003, when Hartford filed a complaint in this district seeking to recover the amount that it paid out to Buffets under a variety of tort claims against Clark, Parsons, and TransGroup. Hartford brought the action in its capacity as a subrogee of Buffets. The TransGroup Action was stayed pending the resolution of the government's criminal prosecution of Clark and Parsons.[1] The stay was lifted in February 2004. In a Joint Report, filed with the court on March 25, 2005, the parties agreed that the TransGroup Action would be again be stayed pending the outcome of the Buffets Action.[2] (TransGroup Mem. at 5; Joint Report, Docket No.53 (03-3190).) On May 16, 2005, the parties agreed to postpone the completion of outstanding depositions until this court had ruled in the motion to consolidate. (Stipulation and Report, Docket No. 70 (03-3190).)

---

[1] Clark is no longer a party in this action due to the judgment against Clark in Hartford's favor from the U.S. Bankruptcy Court. Although Parsons is still a defendant in this case, he has never filed an answer or apparently participated in this action since the resolution of his criminal case and the resulting loss of counsel.

[2] TransGroup argues that Hartford's motion to consolidate is inconsistent with its position as stated in the March 25, 2005, Joint Report. (TransGroup Mem. at 5-6.) The court finds, however, that a motion to consolidate is not inconsistent with Hartford's position as stated in the Joint Report. In addition, in a stipulation dated May 16, 2005, the parties clearly contemplated Hartford's filing a motion to consolidate. *See* Stipulation, Docket No. 70 (03-3190). The court finds no merit in TransGroup's argument.

**III.    MOTION BEFORE THE COURT**

Hartford has filed a motion with the court seeking to consolidate the Buffets Action and the TransGroup Action. (Hartford Mem. at 2.) Hartford argues that consolidation is proper because the two cases arise from the same set of factual circumstances and revolve around the issue of the computation of the total theft-loss damages resulting from the fraud perpetrated by Clark and Parsons against Buffets. (Hartford Mem. at 10.) Hartford contends that the focus of both actions will be the contrasting expert opinions on the amount of theft-loss damages, the methodology used by the experts in reaching the amount of theft-loss damages, and the factual support for the experts' opinions. (Hartford Mem. at 16.)

Buffets contends that although the cases involve the same set of factual circumstances of the fraudulent shipping transactions, the legal issues and amount of damages that are in dispute in the Buffets Action are vastly different from those that are at issue in the TransGroup Action. (Buffets Mem. at 12.) For example, Buffets notes that the issues in the Buffets action revolve solely around the experts opinions on the calculation of damages; the issue of coverage has not been contested. (*Id*.) On the other hand, in the TransGroup Action, Hartford is arguing a variety of tort claims against at least two defendants, Parsons and TransGroup.  Buffets additionally notes that TransGroup is not conceding that the fraud occurred and that TransGroup is counter-claiming that Buffets' loss was not covered by the Hartford policy. (*Id*.) Buffets further contends that consolidating the cases will lead prejudice to Buffets becasue TransGroup will be arguing that Buffets was negligent, an issue to which the jury in the Buffets Action would not be exposed. (Buffets Mem. at 23.) Finally, Buffets argues that its simple breach of contract claim would be significantly complicated by the consolidation with the much more

complex issues in the TransGroup Action. (Buffets Mem. at 25.)

TransGroup notes that Hartford's claims against TransGroup are based on the theories of misrepresentation, conversion, breach of fiduciary duty, and unjust enrichment. (TransGroup Mem. at 7-8.) TransGroup contends that these legal theories are completely divergent from the sole issue in the Buffets Action regarding the proper amount of damages covered by the Hartford policy. (*Id*.) TransGroup argues that the damage analysis relied on by TransGroup differs significantly from the damage analysis of Buffets and Hartford, and may rely on the final determination of Buffets' claim. (TransGroup Mem. at 8.) TransGroup notes that TransGroup's defense of contributory negligence by Buffets and misrepresentation by Buffets in its policy application are not relevant to the determination of the issues in the Buffets Action. (TransGroup Mem. at 9.) Thus, TransGroup additionally notes that a consolidation of the actions would result in inefficiency, unnecessary delay, and prejudice to TransGroup.

### A. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, the court has discretion in consolidating actions that involve a common question of law or fact. Fed. R. Civ. P. 42. The basis for consolidation is judicial economy. *See id.* If the consolidation will lead to jury confusion, inefficient use of the court's resources, or prejudice to a party, the court may deny the motion even if the cases involve a common issue of fact or law. *E.E.O.C. v. HBE Corp*., 135 F.3d 543, 551 (8th Cir.1998). The party requesting the consolidation bears the burden of demonstrating that consolidation is proper and would serve judicial economy and convenience. *Powell v. National Football League*, 764 F. Supp. 1351, 1359 (D. Minn.1991).

**B.  ANALYSIS**

Here, the court finds that Hartford has failed to satisfy its burden.  Both actions revolve around the common factual circumstances of the fraudulent shipping transactions.  There is no question of fact, however, about these common circumstances.  All parties agree that the fraudulent transactions occurred and that Parsons and Clark were the perpetrators of the fraud.  Thus, these common facts are not in "question."

The Buffets Action is a matter of resolving the actual amount of loss Buffets suffered through the illegal actions of Parsons and Clark.  Buffets claims a loss of approximately $3 million while Hartford has agreed to pay, and has paid, approximately $1.6 million.  The facts behind the loss and the issue of Hartford's liability are not in dispute in the Buffets Action.  These issues are in dispute in the TransGroup Action.

The TransGroup Action, on the other hand, involves, *inter alia*, a factual dispute as to Parson's relationship with TransGroup and whether he was an agent or employee of TransGroup, whether TransGroup is vicariously liable for Parson's illegal activity, and whether TransGroup improperly profited from that activity.  TransGroup has indicated that it will counter argue that Hartford had no contractual duty to Buffets for the $1.6 million already paid because of misrepresentations in Buffets' policy application, the language of the policy, and Buffets' contributory negligence.  These defenses will bring Hartford's liability for Buffets' loss into dispute; an issue not present in the Buffets Action.  In addition, the TransGroup action involves a calculation of only part of Buffets' claimed loss, because its alleged involvement is for only part of the fraudulent transactions.  Thus, while the extent of Buffets'

theft-loss damages is at issue in both cases, it is a only a limited part of the TransGroup Action.

## IV. CONCLUSION AND RECOMMENDATION

Thus, the court concludes that the consolidation of the Buffets Action and the TransGroup Action would not result in any significant judicial economy since there are few issues in common between the cases. In addition, a consolidation of these cases would result in complicating the Buffets Action and would significantly increase the possibility of jury confusion with respect to Hartford's liability for Buffets' theft-loss damages.

Accordingly, the court recommends that Hartford's Motion to Consolidate [Docket Nos. 84 (03-3190 ADM/AJB) and 45 (05-931 JMR/FLN)] be **denied.**

Dated: September 26, 2005

s/ Arthur J. Boylan  
Arthur J. Boylan  
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **October 12, 2005**.