UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Buffets, Inc.                                                      Civil No. 05-931 (JMR/FLN)

    Plaintiff,

    v.                                                          **ORDER**

Hartford Fire Insurance Co.

    Defendant.

_____

Robert Lamar and Ann Seifert, for Plaintiff
Cole Kain and Brian Johnson, for Defendant

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 3, 2006, on Defendant's Motion to exclude expert testimony of John D. Jackson [#111], Plaintiff's motion to exclude expert testimony of Terrence Knight and Anthony Hayter [#102], and Defendant's motion to exclude expert testimony of Francis Rushing and for a Protective Order [#94].

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to exclude expert testimony of John D. Jackson [#111] is **GRANTED**. Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's motion to exclude expert testimony of Francis Rushing and for a Protective Order [#94] is **GRANTED**.

Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's motion to exclude expert testimony of Terrence Knight and Anthony Hayter [#102] is **GRANTED**. The Court's January 6, 2006, Order stated as follows: "To the extent that Defendant has not yet disclosed its expert reports responding to the expert report of Francis Rushing, the expert report disclosure deadline for such a response by Defendant is extended to March 1, 2006. All other

dates remain the same." On March 2, 2006, Plaintiff filed a notice of Withdrawal of Disclosure and Expert Testimony of Francis W. Rushing, Ph.D. (Docket Number 101.) Since Plaintiff has withdrawn Dr. Rushing as a testifying expert in this case, there is no need for Defendant to provide any expert reports responding to Dr. Rushing's report. Therefore, to the extent that the expert testimony of Terrence Knight and Anthony Hayter attempts to rebut the expert report of Francis Rushing, Plaintiff's Motion is **GRANTED** because such rebuttal testimony is no longer necessary due to the fact that Plaintiff has withdrawn Francis Rushing as a testifying expert in this case.

This Court's January 6, 2006, Order clearly states that all other dates in the pretrial scheduling order were to remain the same. The expert disclosure deadline for Defendant was January 15, 2006. To the extent that the expert reports of Terrence Knight and Anthony Hayter present new material, these expert reports are untimely as they were not disclosed by January 15, 2006. Therefore, to the extent that the expert testimony of Terrence Knight and Anthony Hayter attempts to opine on new matters, Plaintiff's Motion is **GRANTED**.

DATED: April 3, 2006                          s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge